UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DAVE PEARO, | : | Case No. 1:13-cv-344 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| HANSEN & ADKINS AUTO TRANSPORT, INC., | : | |
| Defendant. | : | |

**DECISION AND ENTRY GRANTING DEFENDANT'S
PARTIAL MOTION TO DISMISS (Doc. 15)**

This case is before the Court on the Partial Motion to Dismiss filed by Defendant Hansen & Adkins Auto Transport, Inc. ("Defendant"). (Doc. 15). Plaintiff filed a Memorandum in Opposition to Defendant's Motion. (Doc. 18). Defendant filed a Reply Memorandum in Support (Doc. 19) of its Motion. Defendant's Partial Motion to Dismiss is now ripe for decision.

**I. FACTUAL ALLEGATIONS**

For purposes of this motion to dismiss, the Court must: (1) view the Complaint in the light most favorable to Plaintiff, and (2) take all well-pleaded factual allegations as true. *Tackett v. M&G Polymers*, 561 F.3d 478, 488 (6th Cir. 2009); *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).

This is an action alleging discriminatory employment practices on the basis of age and a claim of promissory estoppel based upon Plaintiff's alleged reliance upon a

purported offer of employment. Plaintiff is a sixty-one year old male who has been self-employed as the owner and truck operator of Diamond Transportation, Inc. or Dave's Auto and Bike Transport, LLC since approximately 1989.

On or about October 2012, Defendant advertised job openings on Craigslist and elsewhere for company drivers to operate tractor-trailers for the hauling of automobiles or other motor vehicles on an "immediate hire" basis (the "position"). In or about October 2012, Plaintiff saw an advertisement for Defendant's position. Plaintiff contends that he fully satisfied all of the qualifications specified within Defendant's job advertisement for the position, that he was physically able to perform the duties of the position and that he otherwise met the requirements of the position. Plaintiff applied for the position.

In or about October 2012, Plaintiff interviewed for the position with Defendant's Cincinnati Terminal Manager, Timothy Mast ("Mr. Mast"). Mr. Mast was impressed with Plaintiff's credentials and qualifications and informed him that he would be hired for the position provided Plaintiff passed the background check and physical examination. Mr. Mast informed Plaintiff he would begin working for Defendant in November 2012, and earn between $60,000.00 and $70,000.00 annually. In reliance upon Mr. Mast's alleged assurance that he would be hired for the position, Plaintiff stopped operating his own business.

Plaintiff alleges that he thereafter submitted background check documents to Defendant and that he passed Defendant's background check. Plaintiff also states that he was ready, willing, and able to submit to a physical examination, but that Defendant did

not cause Plaintiff to undergo a physical examination. Plaintiff contends that he would have passed the physical examination because, as a tractor-trailer operator for many years, he passed the physical examination each time it was administered every other year.

Mr. Mast informed Barry Williams, Defendant's Vice President of Operations ("Mr. Williams") that he intended to hire Plaintiff for the position. Mr. Williams expressed concern that Plaintiff was too old and sent his co-worker, Timothy Shorter ("Mr. Shorter"), to meet with Plaintiff in Cincinnati, Ohio. During the meeting Mr. Shorter specifically asked Plaintiff how long he intended to work before retirement. Plaintiff informed Mr. Shorter he planned on working for at least ten years before retiring.

In or about November 2012, Mr. Williams called Mr. Mast and informed him that he was "not to hire that old man." Mr. Mast informed Mr. Williams that he could not refuse to hire Plaintiff because of his age. Mr. Williams responded by asking for Mr. Mast's resignation.

In or about November 2012, Mr. Mast called Plaintiff to inform that he had not been selected for the position. Plaintiff then filed this civil action alleging that Defendant willfully discriminated against him on account of his age, in violation of Ohio Rev. Code §§ 4112.02, 4112.14 and 4112.99. Plaintiff also alleges a claim of promissory estoppel alleging that he reasonably relied to his detriment upon Mr. Mast's assurance of future employment with Defendant. Defendant now seeks to dismiss some, but not all, of Plaintiff's claims.

## II. STANDARD OF REVIEW

A motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Twombly*, 550 U.S. at 555). In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265 (1986). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.*

Accordingly, in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

4

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (citing Fed. Rule Civ. Proc. 8(a)(2)).

### III. ELECTION OF REMEDIES

Defendant's argues that Plaintiff must elect a single Ohio Revised Code Section to pursue his age discrimination claims, and that the age discrimination claims under the remaining statutes must be dismissed. Plaintiff's Amended Complaint presently purports to assert age discrimination claims pursuant to Ohio Rev. Code §§ 4112.02, 4112.14 and 4112.99. Plaintiff concedes that he must "elect under which statute (R.C. 4112.02, 4112.05, or 4112.14) a claim for age discrimination will be pursued." *Meyer v. United Parcel Serv., Inc.*, 122 Ohio St.3d 104, 113, 909 N.E.2d 106 (Ohio 2009); *see also Raub v. Garwood*, No. 22210, 2005 WL 662932, *3 (Ohio App. Mar. 23, 2005) (stating that "although it is permissible to plead R.C. 4112.02, R.C. 4112.14 and R.C. 4112.99 simultaneously, and in the alternative, an aggrieved employee must elect his sole remedy when an employer files a motion to dismiss").

Plaintiff elects to pursue his claim pursuant to Ohio Rev. Code § 4112.99. As noted by the Ohio Supreme Court, "R.C. 4112.99 provides an independent civil action to seek redress for any form of discrimination identified in the chapter." *Leininger v. Pioneer Nat'l Latex*, 115 Ohio St.3d 311, 875 N.E.2d 36, 44 (Ohio 2007) (citing *Elek v. Huntington Nat'l Bank*, 60 Ohio St.3d 135, 573 N.E.2d 1056 (1991)). "[A]n age discrimination claim brought pursuant to R.C. 4112.99 is subject to the substantive

provisions of R.C. 4112.02 and 4112.14." *Meyer v. United Parcel Serv.*, 122 Ohio St.3d 104, 112, 909 N.E.2d 106 (Ohio 2009). As noted by a court in this district, "an employee may bring an age discrimination claim under § 4112.99 based on violations of either § 4112.02(N) or § 4112.14." *Coy v. Cnty. of Delaware*, No. 2:12-CV-00381, 2013 WL 1282028, *4 (S.D. Ohio Mar. 26, 2013) (citing *Leininger*, 115 Ohio St.3d at 318).

Based upon Plaintiff's election to pursue his age discrimination claim under Ohio Rev. Code § 4112.99, the Court **GRANTS** Defendant's Partial Motion to Dismiss the alternative age discrimination claims. (Doc. 15). This case will, therefore, proceed on Plaintiff's age discrimination claim asserted pursuant to Ohio Rev. Code § 4112.99 and the alternative age discrimination claims are hereby **DISMISSED**.

## IV. PROMISSORY ESTOPPEL

Defendant next argues that Plaintiff's promissory estoppel claim must be dismissed for two reasons: (1) the Amended Complaint fails to allege any promise of employment made by anyone with the authority to bind Defendant; and (2) that an promissory estoppel cannot apply to promises of at-will employment.

"In order to prove a claim of promissory estoppel, [a plaintiff] must establish the following elements: (1) a clear and unambiguous promise, (2) reliance on the promise, (3) that the reliance is reasonable and foreseeable, and (4) that he was injured by his reliance." *Rogers v. Nat'l City Corp.*, No. 91103, 2009 WL 1622382, *4 (Ohio App. Jun. 11, 2009) (citing *Pappas v. Ippolito*, 177 Ohio App.3d 625, 895 N.E.2d 610, 2008-Ohio-3976, ¶ 54); *see also Langlois v. W.P. Hickman Sys., Inc.*, No. 86930, 2006 WL 2036553,

*3 (Ohio App. Jul. 20, 2006) (citing *Miller v. Lindsay-Green, Inc.*, No. 04AP-848, 2005 WL 3220215 (Ohio App. Dec. 1, 2005)).

The Court focuses on Defendant's argument that Plaintiff's promissory estoppel claim must be dismissed as a matter of law because any alleged promise of employment made to Plaintiff simply assured future employment at-will. In this regard, Defendant argues that the mere offering of at-will employment does not amount to a clear and unambiguous promise upon which a prospective employee can reasonably rely. Plaintiff fails to address whether a promissory estoppel claim can exist in the absence of an allegation that Defendants made a clear and unambiguous promise of future employment for a specific term or tenure.

Ohio courts hold that, in the employment at-will context, the "[p]romise of future benefits or opportunities *without a specific promise of continued employment* does not support a promissory estoppel exception to the well-established doctrine of employment at will." *Wing v. Anchor Media, Ltd. of Texas*, 59 Ohio St.3d 108, 110-11, 570 N.E.2d 1095 (Ohio 1991). In fact, in the context of an offer of employment at-will, absent "a clear promise of employment for any term or tenure," Plaintiff fails to state a claim for promissory estoppel. *Nealon v. City of Cleveland*, 140 Ohio App.3d 101, 746 N.E.2d 694, 702 (Ohio App. 2000) (citations omitted).

Here, the allegations in the Amended Complaint do not allege any promise of employment for any particular duration and, in fact, Plaintiff does not allege or argue that Mr. Mast assured him of anything more than future employment at-will. As a result,

under Ohio law, Plaintiff's allegations fail to state a claim for promissory estoppel because he fails to plausibly allege reasonable reliance on a clear and unambiguous promise of employment for any specific term or tenure. *See Id.* Accordingly, Defendant's Partial Motion to Dismiss (Doc. 15) is **GRANTED** in this regard and the Court **DISMISSES** Plaintiff's promissory estoppel claim.

### V. CONCLUSION

For the foregoing reasons, Defendant's Partial Motion to Dismiss (Doc. 11) is **GRANTED**. This case shall proceed on Plaintiff's age discrimination claim asserted pursuant to Ohio Rev. Code § 4112.99.

**IT IS SO ORDERED.**

Date: 12/6/13

Timothy S. Black
United States District Judge